# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HILDA L. SOLIS | MISCELLANEOUS ACTION |
| VERSUS | |
| BRIDGETTE SNEED | NO. 11-74-FJP-CN |

## RULING & ORDER

This matter is before the Court on the Petition to Compel Respondent to Produce Documentary Evidence and Request for Hearing (R. Doc. 1) filed by Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"). Respondent, Bridgette Sneed ("Sneed"), has not filed an opposition to the Secretary's petition.

## FACTS & PROCEDURAL BACKGROUND

The Secretary filed this action in order compel Sneed to comply with a subpoena issued to her by the Regional Director, of the Employee Benefits Security Administration ("EBSA"), United States Department of Labor ("Regional Director"), pursuant to the investigative authority set forth in the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* Sneed is the president of Complete Benefit Solutions, Inc. ("the Company"), which is located in Denham Springs, Louisiana. Quality Home Health Care of Gulf Coast, Inc. Group Health Plan ("the Plan") is a health plan established for the benefit of the Company's employees. Sneed is the Administrator for the Plan. The Secretary is presently engaged in an investigation of the Plan relative to concerns that the Plan may have been involved in a variety of fiduciary breaches and prohibited transactions in violation of Title I of ERISA.

1

Bridgette Sneed

Pursuant to the authority delegated to the Secretary and in connection with the investigation initiated pursuant to Section 504 of ERISA, 29 U.S.C. §1134, the Regional Director issued a subpoena dated May 27, 2010 to Sneed requiring her to produce certain records and documents necessary for and pertinent to the investigation, to be produced to EBSA Investigator, Kevin C. Davis ("Investigator Davis"), on June 15, 2010, at 9:00 a.m. On July 6, 2010, Investigator Davis, left a voicemail for Sneed concerning her receipt of the subpoena, and on July 14, 2010, he spoke with Sneed to confirm that she had received the subpoena. Although Sneed indicated that she would verify receipt of the subpoena, she never contacted Investigator Davis again to confirm her receipt, and she failed to respond to messages concerning the subpoena that were left by Investigator Davis on November 10, 2010 and June 6, 2011.

Investigator Davis independently confirmed the delivery of the subpoena to the Company and determined that it had been delivered on June 1, 2010. Despite having received the subpoena, Sneed failed to appear and has not produced any of the records and documents requested in the subpoena. The Secretary has therefore filed this action seeking an order requiring Sneed to immediately deliver all documents sought by the subpoena and ordering Sneed to pay the Secretary an amount of money sufficient to compensate her for the expenses she has incurred in this litigation.

**LAW & ANALYSIS**

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. The rule specifically provides:

> LR7.5M   Response and Memorandum
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

According to a Certificate of Service submitted to the Court by the Secretary, the present petition (or motion) to compel was served upon Sneed on September 23, 2011. The opposition to such petition was therefore due by October 14, 2011. Such date has passed, and Sneed has not filed any opposition. The petition is therefore deemed to be unopposed.

In addition to being unopposed, the undersigned finds that the petition has merit and should be granted. A district court must enforce an administrative subpoena "[a]s long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant." *E.E.O.C. v. Konica Minolta Business Solutions, U.S.A., Inc.,* 639 F.3d 366 (7th Cir. 2011), quoting *E.E.O.C. v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987). The Secretary has established each of those three (3) elements, warranting enforcement of the subpoena at issue. She has cited to the portion of the

ERISA statute that authorizes her to make the investigation or inquiry set forth in the subpoena. Pursuant to 29 U.S.C. §1134(a)(1), the Secretary has the power, in order to determine whether any person has violated or is about to violate any provision of ERISA, to "make an investigation, and in connection therewith to require the submission of reports, books, and records, and the filing of data in support of any information required to be filed with the Secretary under [ERISA]." Additionally, she has established that the documents requested in the subpoena are "not too indefinite" and that they are reasonably relevant to a legitimate EBSA investigation commenced on April 17, 2009, in that they include specific information and documents concerning the assets of the Plan that are pertinent to EBSA's investigation, which will assist in determining whether the Plan has engaged or is about to engage in prohibited transactions under Title I of ERISA.

Accordingly;

**IT IS ORDERED** that the Petition to Compel Respondent to Produce Documentary Evidence and Request for Hearing (R. Doc. 1) filed by Hilda L. Solis, Secretary of Labor, United States Department of Labor, is hereby **GRANTED** and that respondent, Bridgette Sneed, shall produce the documents requested in the subpoena at issue to the Secretary within twenty (20) days of this Order.

**IT IS FURTHER ORDERED** that a copy of this Ruling shall be served upon respondent, Bridgette Sneed, President, Complete Benefit Solutions, Inc., 1113 South Range Avenue, Suite 110, Denham Springs, LA 70726.

**IT IS FURTHER ORDERED** that Hilda L. Solis, Secretary of Labor, United States Department of Labor, is entitled to an award of the reasonable expenses incurred in

4

bringing this suit, and that, in connection with that award, the parties to this matter are to do the following:

(1) If the parties agree to the amount of expenses, respondent shall pay that amount;

(2) If the parties do not agree to the amount, the Secretary shall, within fifteen (15) days of the date this Order is signed, submit to the Court a report (along with evidentiary support) setting forth the amount of expenses incurred in obtaining this Order; and

(3) Respondent shall have ten (10) days after the filing of the Secretary's report to file an opposition.

Signed in chambers in Baton Rouge, Louisiana, October 18, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**